Charles M. Kessler, respondent,

*v.*

Walter C. Sooy et al., appellants.

[Argued October term, 1931. Decided May 16th, 1932.]

560

*Messrs. Cole & Cole,* for the appellants.

*Mr. John C. Reed (Mr. Emerson L. Richards,* of counsel), for the respondent.

PER CURIAM.

In this case we think the vice-chancellor reached a proper conclusion. Chapter 213, laws of 1919, provides in section 4 that "every conveyance made and every obligation incurred by a person who is or thereby will be rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or obligation is incurred without a fair consideration." On the facts disclosed we think there can be no doubt that the conveyance set forth in the complainant's bill rendered the appellants insolvent; also that the conveyances were made without a fair consideration as contemplated by the act.

The testimony is fairly summarized in the opinion of Vice-Chancellor Ingersoll. Unfortunately he dealt with the effect of this testimony in the following language:

"The making of this contract was testified to by Walter C. Sooy, his wife, Lida H. Sooy, the son and Mrs. Alma Kyte, a niece, who were present. Their testimony is clear and, of course, was not and could not be specifically denied."

"I have no doubt that a conversation very much as testified to actually took place, and I have as little doubt that both Doctor and Mrs. Sooy, Sr., feel now that they are justified in saying that a binding contract was made, but the circumstances and the facts which have arisen since convinces me that no such contract was ever made."

Assuming that upon the testimony it was not admissible that the vice-chancellor should find in contravention thereof that no contract was made in fact, we nevertheless conclude that these proofs did not establish a valid contract as between the parents and the son in that they did not establish a "fair consideration" for the conveyances as contemplated by the statute. The obligations which the son assumed were all such as he would be obliged to perform at the demand of his

parents during his minority. His services were theirs and his education was within their control. The son, therefore, gave nothing that they could not exact without his consent. *Gardner's Administrators* v. *Schooley, 25 N. J. Eq. 150; 27 C. J. 570.*

For this reason the decree will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ.   14.

*For reversal*—None.